Judge McMahon



07 CV 3341

Elana Gilaad (EG-4212)
FORD & HARRISON LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Phone: 212.453.5900
Fax: 212.453.5959
*Attorneys for Defendant Polk Theatre, Inc.*

APR 2 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JFP TOURING, LLC,

        Plaintiff,

        -against-

POLK THEATER, INC.,

        Defendant.

---

Civil Action No.:

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Polk Theatre, Inc. ("Defendant") by and through its attorneys Ford & Harrison LLP, hereby removes the civil action, Index No. 601130/07, based on this Court's original "diversity" jurisdiction, from the Supreme Court, State of New York, in and for New York County, New York, to the United States District Court for the Southern District of New York. The removal of this civil action is proper because:

1.    Defendant is the only defendant in this civil action filed in the Supreme Court, State of New York, in and for New York County, New York, Index No. 601130/07, on or about March 27, 2007, captioned "*JFP Touring, LLC v. Polk Theatre, Inc.*," (the "State Court Action.").

2.    Defendant is a Florida, Non-Profit Corporation and its principal (and only) place of business in Lakeland, Polk County, Florida. For establishing complete diversity of

citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Plaintiff has its principle place of business in New York County, New York, (Complaint ¶1). As such, diversity of the parties is complete.

3.    In Plaintiff's Complaint, Plaintiff, JFP Touring, LLC. ("Plaintiff"), alleges Defendant breached an agreement to present a production of *On Golden Pond* at its theatre in Polk County, Florida.  (Complaint at ¶¶21, 24 ).

4.    In Plaintiff's Complaint, Plaintiff alleges damages in the amount of $450,000.00, plus interest, exclusive of costs and fees. (Complaint at ¶¶25, 30, 31, and Summons).  As such, the amount in controversy exceeds the jurisdictional threshold of $75,000.00 to trigger this Court's diversity jurisdiction.

5.    Defendant was served with the Summons and Complaint in the State Court Action on April 13, 2007.  This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

6.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, which are the only pleadings that have been served on Defendant in this matter, are attached hereto as Exhibit A.

7.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed concurrently with the Clerk of the Supreme Court, State of New York, in and for New York County, New York, Index No. 601130/07, a copy of which is attached hereto as Exhibit B.

8.    As there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal is appropriate pursuant to 28 U.S.C. § 1332.

WHEREFORE, on the basis of the foregoing, Defendant respectfully submits that removal of this action from the Supreme Court, State of New York, in and for New York County, New York, to this Court is proper.

Dated: April 26, 2007                    Respectfully submitted,

FORD & HARRISON LLP

By:    _____

Elana Gilaad (EG-4212)
100 Park Avenue, Suite 2500
New York, NY 10017
Phone: 212.453.5900
Fax: 212.453.5959
*Attorneys for Defendant Polk Theatre, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Notice of

Removal has been served by Hand Delivery upon:

Leslie H. Ben-Zvi, Esquire
1790 Broadway – 10th Floor
New York, NY 10019

*Attorneys for Plaintiff JFP Touring, LLC*

_____
Elana Gilaad

Dated: April 26, 2007

NEW YORK:47254.1

# EXHIBIT A

NEW YORK
COUNTY CLERK'S OFFICE

ʃAPR - 5 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x

JFP TOURING, LLC,

                              Plaintiff,

              -against -

POLK THEATRE, INC.,

                              Defendant.

--------------------------------------------------------------x

**SUMMONS**

Index No. **601130/07**

Plaintiff designates New York
County as the place of trial

The basis of venue is:
Plaintiff's Residence

**TO THE ABOVE NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this Action and to serve a copy of your Verified Answer or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance upon Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

        The nature of the action, the relief sought and the sum of the money for which judgment may be taken in case of the default are as follows: breach of contract, fraudulent misrepresentation; $100,000.00 plus interest in compensatory damages and $300,000.00 plus interest in punitive damages.

Dated: New York, New York
        March 27, 2007

                              Yours, etc.,

                              _____
                              **LESLIE H. BEN-ZVI, ESQ.**
                              *Attorney for Plaintiff*
                              1790 Broadway – 10ᵗʰ Floor
                              New York, NY 10019
                              (212) 719-5300 / 666-6656
                              Leslie@BenZviLaw.com

                              Served A True Copy
                              Date 4.12.07 Time 1:50 AM/PM
                              Served By Sandra K. Croft #CA242
                              Certified Process Server

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

JFP TOURING, LLC,                                                **VERIFIED COMPLAINT**

                Plaintiff,                            Index No. _____

     -against -

POLK THEATRE, INC.,

               Defendant.

------------------------------------------------------------------x

     Plaintiff JFP TOURING, LLC, by its attorney, LESLIE H. BEN-ZVI, ESQ., respectfully

alleges as follows:

     1.    Plaintiff JFP TOURING, LLC ("Plaintiff") is a New York Limited Liability Company

with offices located at 1501 Broadway, Suite 2003, New York, NY 10036.

     2.    Defendant POLK THEATRE, INC. ("Defendant") is, upon information and belief,

a Florida Corporation with offices located at 127 South Florida Avenue, Lakeland, FL 33801.

     3.    Plaintiff is a theatrical producer and owns the rights to produce the play *On Golden

Pond.*

     4.    Avid Touring Group, Ltd. is the exclusive agent through which Plaintiff, as principal,

produces and books performances of *On Golden Pond* at theatres throughout the United States.

     5.    Between approximately mid-August 2006 and September 18, 2006, Plaintiff and

Defendant negotiated the terms of an agreement by which Plaintiff would produce and Defendant

would present *On Golden Pond* at Defendant's theater in Lakeland, Florida.

     6.    On or about September 18, 2006, following approximately one month of negotiations

as to the terms and conditions of said engagement, Plaintiff and Defendant reached a meeting of the

minds whereupon Plaintiff sent Defendant an *Engagement Memorandum* ("the Agreement") dated

September 18, 2006, which codified the numerous terms and conditions negotiated by Plaintiff and

Defendant.

     7.    The Agreement expressly set forth, *inter alia*, the following terms and conditions

which had been negotiated by the parties:

| | | |
|---|---|---|
| A. | Presenter: | Defendant would be the presenter of *On Golden Pond* |
| B. | Venue | The venue at which *On Golden Pond* would be presented would be the Polk Theatre in Lakeland, Florida |
| C. | Load-In | The load-in would take place on Wednesday, February 28, 2007 |
| D. | Engagement Period | Two performances of *On Golden Pond* would take place on Wednesday, February 28, 2007 |
| E. | Performance Schedule | *On Golden Pond* would be performed at 3:00 pm and 8:00 pm. on Wednesday, February 28, 2007. |
| F. | Engagement Terms | (i) Defendant would pay Plaintiff (i) the sum of $45,000.00, (ii) Ten (10%) Percent of the Net adjusted Gross Box Office Receipts for the two performances and (iii) Sixty (60%) Percent of the Net Adjusted Gross Box Office Receipts for the two performances. |
| | | (ii) A deposit in the amount of $22,500.00 would be paid to Plaintiff by Defendant on or before January 29, 2007 by wire transfer and would be deemed to be an advance against the aforementioned $45,000.00 |
| | | (iii) The balance of $22,500.00 would be paid at 3:00 pm on February 28, 2007, *i.e.*, prior to the opening curtain of the matinee performance of *On Golden Pond* on February 28, 2007. |

(iv)   The aforementioned payment of Ten (10%) Percent of the Net adjusted Gross Box Office Receipts for the two performances would be paid at the intermission of the evening performance of *On Golden Pond* on February 28, 2007.

(v)    The aforementioned payment of Sixty (60%) Percent of the Net Adjusted Gross Box Office Receipts for the two performances would be paid at the intermission of the evening performance of *On Golden Pond* on February 28, 2007.performances.

G.   **Bank Information**

The aforementioned wire transfers to be issued to Plaintiff by Defendant were to be sent to Plaintiff's bank, JPMorgan Chase Bank, Ground Floor, 1 Chase Manhattan Plaza, New York, NY 10081 and were to be directed to Plaintiff's account number # 1512-0848-1065

H.   **Expenses**

The parties incorporated by reference the following approved expenses as set forth on Schedule A to the Agreement:

| | |
|---|---|
| Stagehands/Technical Services | $7000.00 |
| Utilities | $150.00 |
| Playbill Printing | $1000.00 |
| Cleaning | $150.00 |
| General Expenses/Theatre Rental | $1200.00 |
| Hospitality | $500.00 |
| Hotel | $300.00 |
| House Manager | $264.00 |
| Advertising | $2000.00 |
| | **$12,564.00** |

I.   **Star Requirements:**

The parties agreed that per the Technical Requirements Rider, all star requirements would be a Defendant Expense.

Defendant would provide two (2) one-bedroom suites (one suite for each star) in a First Class deluxe accommodation for the duration of the stay during the Engagement. Each suite was to have a separate sleeping room from the parlor and all accommodations were to be approved by the company manager.

3

Defendant would provide two (2) private star dressing rooms, both of which would contain a full bathroom, refrigerator, cot/sofa, fully lighted mirrors, chairs, coffee and tea service, sodas, and non-carbonated bottled water on ice as outlined in the Technical Requirements Rider. A fruit plate was to be provided on the Opening Night performance. If there was a private shared lounge between the two star dressing rooms, then all hospitality items could be placed in the lounge to be shared by the stars.

Defendant would provide limousine or Town Car transportation to and from airport, to the hotel, to and from hotel to theatre, and to and from all press events as outlined in Technical Requirements Rider.

| | | |
|---|---|---|
| J. | Advertising Copy: | Not to exceed 15% on approved electronic, print, and outdoor advertising only. No commission on production or trade. |
| K. | Program Copy: | The cost of printing the Company's 9.5-pages of program copy will be included in the local fixed expenses. |
| L. | Ticket Prices: | The parties incorporated by reference, the ticket prices set forth on Schedule B to the Agreement. The parties agree as follows: The Box Office manifest would reflect all seats in the theatre; no seats would be held off the manifest, so-called "'Corporate seats" and "Donor seats" etc., must appear on the Box Office manifest and be included in the calculation of gross box office receipts at full-value of the applicable seating tier. Defendant informed Plaintiff that there were One Hundred (100) kills/obstructed view seats, which would not be utilized, and that patron (paid or comp) would be seated in said seats. The parties further agreed that the date on which tickets would go on sale to the public was yet to be determined. |
| M. | Discounts: | The parties incorporated by reference the following discounts as indicated on Schedule B to the Agreement. Notably, Defendant made handwritten, initialed changes upon the Agreement before returning it to Plaintiff. |

Section 1     690 seats @ $38.00 for a total of $26,220.00
Section 2     262 seats @ $27.00 for a total of  $7,074.00
Section 3     352 seats @ $20.00 for a total of  $7,040.00

Gross Potential:                                $80,668.00

4

N.    Deductions:            The parties incorporate by reference Schedule B for approved deductions and agreed as follows: not more than one (1) type of percentage sales commission would be charged on any one (1) ticket and sales commissions would be calculated on ticket prices net of restoration charges and taxes, if any.

                             For purposes of Group Commissions, the parties agreed that a group would be defined as a minimum of ten (10) tickets at one performance, which were purchased by a single customer and that there would be no "bundling" of tickets from various performances or different buyers in determining a group minimum.

O.    Complimentary,
      Press Trade, or
      House Tickets:         There would be no complimentary or trade tickets of any kind without the prior written approval of Plaintiff or Plaintiff's representative.

                             The parties would each receive four (4) complimentary tickets for Opening Night and two (2) complimentary tickets for all other performances. Plaintiff must approve any additional complimentary tickets in writing in advance.

P.    Company
      House Seats:           Plaintiff required Twenty (20) house seats per performance for purchase in the center Orchestra Section Premium Seats under 48 hour hold, to be sold at regular box office prices.

Q.    Advertising Budget:    The weekly advertising budget would be as indicated on Schedule A unless otherwise approved in writing by Plaintiff of Plaintiff's national press representative. All other marketing expenses would be subject to the prior written approval of Plaintiff or Plaintiff's national press representative. Only those advertising and promotional materials furnished by Plaintiff could be used for the Engagement; any proposed changes would be subject to the prior written approval of Plaintiff or Plaintiff's national press representative.

R.    Marketing:         The advance sale timeline and preliminary marketing campaign
                         had to be submitted to Plaintiff' representative within 30 days
                         of public or private announcement. The advertising budget and
                         marketing plan had to be submitted within 30 days of the
                         on-sale and are subject to the prior written approval of
                         Plaintiff's national press representative.

                         Excepting Defendant's season brochure which would be sent
                         only to previous series subscribers, Defendant agreed not to
                         advertise the Engagement until after December 10, 2006.

                         Defendant would submit its marketing plans and advertising
                         budget to Plaintiff's national press representative, Anita
                         Dloniak, tel: (216) 398-J931, fax: (216) 661-4645 and e-mail:
                         anitad@stratos.net.

S.    Technical Rider:   Attached to the Agreement was the preliminary Technical
                         Rider as of August 9, 2006, which was subject to change due
                         to local conditions. Defendant expressly agreed to the terms
                         of said attached Technical Rider.

                         Any Additional Costs due to local conditions would be a Fixed
                         Engagement Expense.

T.    Special Provisions: The form and manner of billing credits and sponsors on tickets
                         would be determined by Plaintiff and Defendant would
                         promptly and fully comply with said determination. Ticket
                         stock would be printed as follows: "Show Sponsor Name
                         TBA Presents ON GOLDEN POND".

                         Plaintiff would have the right to purchase seats for the tour
                         sponsor at regular box office prices.

                         There would be no commission charged for any group booked
                         by or on behalf of a company member through the company.

U.    Repeat Engagements: Nothing in the agreement would obligate Plaintiff to afford
                         subsequent presentation rights to Defendant.

V.    Booking Agent:     It was expressly agreed that Avid Touring Group, Ltd. was
                         authorized to act as Plaintiff's designee on Plaintiff's behalf,
                         but that Avid Touring Group, Ltd. was not a producer or
                         presenter of the Production or a party to the Agreement and
                         that Avid Touring Group, Ltd. was not be held responsible by
                         Defendant for any of Plaintiff's obligations under the

Agreement, or by Plaintiff for any of Defendant's obligations under the Agreement.

W.    Prevailing Terms:    In the event the Agreement, Schedules and/or Technical Rider conflicted with any terms contained in any of Defendant's riders and/or addenda, the terms of the Agreement, Schedules and/or Technical Rider would prevail over Defendant's riders and/or addenda.

8.    Between September 18, 2006 and October 27, 2006, Plaintiff and Defendant engaged in further negotiations and clarifications with regard to the aforesaid terms.

9.    On October 19, 2006, Plaintiff sent Defendant an email which inquired whether Defendant, who had not returned the signed Agreement, was "bailing on this engagement." Defendant responded as follows:

> Absolutely not . . . Maybe you should know that we have an excellent reputation never cancelling shows...EVER!!! You would not know that as we haven't worked together before. You will never have to lose confidence with us as a client.

10.    By October 24, 2006, Defendant advised Plaintiff that it (i) had already printed a brochure for its season ticket holders that included a listing for *On Golden Pond* plus (ii) had already begun to sell single tickets for *On Golden Pond.*

11.    On or about October 27, 2006, Plaintiff, by its Executive Director, Leslie A. Sikora, (i) made handwritten changes to the 'Company House Seats' section and to Schedule B, (ii) signed the Agreement at the end thereof under the words: "ACCEPTED AND AGREED" and (iii) returned the Agreement, Schedule A, Schedule B and the Technical Rider to Defendant.

12.    Following Plaintiff's receipt of the executed Agreement, the following took place:

(i)    Plaintiff planned other aspects of the *On Golden Pond* Tour including, but not limited to, the routing of other performance dates around the February 28, 2007 performances at Defendant's theatre;

(ii)    Plaintiff neither sought nor accepted other *On Golden Pond* bookings for February 28, 2007;

7

(iii)    *On Golden Pond* bookings that were geographically inconsistent with the February 28, 2007 performances at Defendant's theatre were neither sought not accepted;

(iv)    Plaintiff incurred such unrecoupable expenses such as hotel reservations and site surveys.

13.    On or about December 7, 2006, Plaintiff sent Defendant four copies of a proposed agreement which did not modify any of the terms of the Agreement that had already been signed and that simply added certain additional boilerplate language as the following: (i) box office income reconciliation, (ii) Defendant's obligations regarding theatre operation, (iii) promotion and advertising, (iv) insurance.

14.    On January 5, 2007, Defendant sent Plaintiff a copy of a newspaper advertisement for *On Golden Pond* that Defendant had designed and planned to run in the local Lakeland, FL newspaper.

15.    On January 12, 2007, Defendant asked Plaintiff to (i) forward information to Defendant to be printed in the February 28, 2007 programs and (ii) to send Defendant three movie-size posters of *On Golden Pond* so that Defendant, which occupies a movie palace, could display the same in conjunction with the February 28, 2007 production of *On Golden Pond*.

16.    On or about January 19, 2007, Defendant emailed Plaintiff a copy of a January 9, 2007 cover letter that Defendant alleges to have sent Plaintiff on January 9, 2007. Said cover letter was once again signed by Defendant's Executive Director, Leslie Sikora, and purported to enclose "four (4) executed copies of the [December 7, 2006] Agreement for *On Golden Pond* appearing at our theatre February 28, 2007 for two shows."

17.    Defendant did not, however, include *any* copies of any such agreements with either the aforementioned January 9, 2007 letter or the January 19, 2007 email.

8

18.     On January 22, 2007, Defendant sent Plaintiff an email that the four copies of the December 7, 2006 agreement had been lost, had just been located and were now being sent to Plaintiff via Federal Express for delivery on January 23, 2007.

19.     On January 26, 2007, at Plaintiff's own expense, Plaintiff conducted a site survey of Defendant's theatre with the full cooperation and approval of Defendant in preparation for the load-in and performances scheduled to take place on February 28, 2007.

20.     On January 28, 2007, Defendant failed to pay Plaintiff the sum of $22,500.00, as required under the Agreement.

21.     By various phonecalls and by e-mail dated February 2, 2007, Defendant notified Plaintiff that (i) Defendant would not be paying Plaintiff any sums due under the Agreement and (ii) Defendant would not be presenting *On Golden Pond* as agreed on February 28, 2007.

## FIRST CAUSE OF ACTION

22.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

23.     At all times herein, Plaintiff was ready, willing and able to perform all of it's obligations under the Agreement.

24.     Defendant breached the Agreement with Plaintiff by failing to pay Plaintiff as follows: (i) the sum of $45,000.00, (ii) Ten (10%) Percent of the Net adjusted Gross Box Office Receipts for the two performances and (iii) Sixty (60%) Percent of the Net Adjusted Gross Box Office Receipts for the two performances.

25.     As a direct result, Plaintiff has been damaged in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest from January 28, 2007 and demands judgment therefor.

(iii)    *On Golden Pond* bookings that were geographically inconsistent with the February 28, 2007 performances at Defendant's theatre were neither sought not accepted;

(iv)    Plaintiff incurred such unrecoupable expenses such as hotel reservations and site surveys.

13.    On or about December 7, 2006, Plaintiff sent Defendant four copies of a proposed agreement which did not modify any of the terms of the Agreement that had already been signed and that simply added certain additional boilerplate language as the following: (i) box office income reconciliation, (ii) Defendant's obligations regarding theatre operation, (iii) promotion and advertising, (iv) insurance.

14.    On January 5, 2007, Defendant sent Plaintiff a copy of a newspaper advertisement for *On Golden Pond* that Defendant had designed and planned to run in the local Lakeland, FL newspaper.

15.    On January 12, 2007, Defendant asked Plaintiff to (i) forward information to Defendant to be printed in the February 28, 2007 programs and (ii) to send Defendant three movie-size posters of *On Golden Pond* so that Defendant, which occupies a movie palace, could display the same in conjunction with the February 28, 2007 production of *On Golden Pond*.

16.    On or about January 19, 2007, Defendant emailed Plaintiff a copy of a January 9, 2007 cover letter that Defendant alleges to have sent Plaintiff on January 9, 2007. Said cover letter was once again signed by Defendant's Executive Director, Leslie Sikora, and purported to enclose "four (4) executed copies of the [December 7, 2006] Agreement for *On Golden Pond* appearing at our theatre February 28, 2007 for two shows."

17.    Defendant did not, however, include *any* copies of any such agreements with either the aforementioned January 9, 2007 letter or the January 19, 2007 email.

8

18.    On January 22, 2007, Defendant sent Plaintiff an email that the four copies of the December 7, 2006 agreement had been lost, had just been located and were now being sent to Plaintiff via Federal Express for delivery on January 23, 2007.

19.    On January 26, 2007, at Plaintiff's own expense, Plaintiff conducted a site survey of Defendant's theatre with the full cooperation and approval of Defendant in preparation for the load-in and performances scheduled to take place on February 28, 2007.

20.    On January 28, 2007, Defendant failed to pay Plaintiff the sum of $22,500.00, as required under the Agreement.

21.    By various phonecalls and by e-mail dated February 2, 2007, Defendant notified Plaintiff that (i) Defendant would not be paying Plaintiff any sums due under the Agreement and (ii) Defendant would not be presenting *On Golden Pond* as agreed on February 28, 2007.

## FIRST CAUSE OF ACTION

22.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

23.    At all times herein, Plaintiff was ready, willing and able to perform all of it's obligations under the Agreement.

24.    Defendant breached the Agreement with Plaintiff by failing to pay Plaintiff as follows: (i) the sum of $45,000.00, (ii) Ten (10%) Percent of the Net adjusted Gross Box Office Receipts for the two performances and (iii) Sixty (60%) Percent of the Net Adjusted Gross Box Office Receipts for the two performances.

25.    As a direct result, Plaintiff has been damaged in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest from January 28, 2007 and demands judgment therefor.

9

## SECOND CAUSE OF ACTION

26.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant deliberately and repeatedly represented to Plaintiff between mid August 2006 and early February 2007 that Defendant was ready, willing and able to present *On Golden Pond* at the Polk Theatre in Lakeland, Florida on February 28, 2007, that Defendant had already advertised *On Golden Pond*, that Defendant had already printed tickets for *On Golden Pond*, that Defendant had FedEx'd a signed contract addendum to Plaintiff and that Defendant would pay Plaintiff as follows: (i) the sum of $45,000.00 on or before January 28, 2007, (ii) Ten (10%) Percent of the Net adjusted Gross Box Office Receipts for the two performances and (iii) Sixty (60%) Percent of the Net Adjusted Gross Box Office Receipts for the two performances.

28.    Defendant knew that said representations were false at the time they were made.

29.    Plaintiff believed and relied upon said representations to its detriment as follows: (i) Plaintiff planned other aspects of the *On Golden Pond* Tour around the February 28, 2007 performances at Defendant's theatre, (ii) other bookings for February 28, 2007 were neither sought not accepted, (iii) bookings which were geographically inconsistent with the performances at Defendant's theatre were neither sought not accepted, (iv) unrecoupable expenses such as hotel reservations and site surveys were incurred by Plaintiff.

30.    As a direct result of Defendant's fraudulent representations to Plaintiff, Plaintiff has been damaged in an amount not less than One Hundred Thousand ($100,000.00) Dollars plus interest and demands judgment therefor.

31.    Plaintiff is entitled to punitive damages in an amount of not less than Three Hundred Thousand ($300,000.00) Dollars plus interest and demands judgment therefor.

**WHEREFORE**, it is respectfully requested that the Court grant Plaintiff judgment as follows:

**First Cause of Action:**        $50,000.00 in compensatory damages plus interest;

**Second Cause of Action:**      $100,000.00  plus interest in compensatory damages and
                                 $300,000.00 plus interest in punitive damages;

plus such other relief which the court shall deem just and proper including the attorneys fees and costs

incurred herein.

Dated: New York, New York
       March 27, 2007

                                              Yours, etc.,

                                              _____
                                              **LESLIE H. BEN-ZVI, ESQ.**
                                              *Attorney for Plaintiff*
                                              1790 Broadway – 10th Floor
                                              New York, NY 10019
                                              (212) 719-5300 / 666-6656
                                              Leslie@BenZviLaw.com

11

## VERIFICATION

State of New York    )

County of New York ) ss.:

JEFFREY FINN, being duly sworn, deposes and says,

1.    I am the Manager and sole Member of Plaintiff in the above-captioned matter.

2.    I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge except as to those matters stated to be alleged upon information and belief and as to those matters, I believe them to be true.

3.    The source of my knowledge and my information and belief is derived from my own knowledge of the events as well as the books and records maintained by Plaintiff.

JEFFREY FINN

Sworn to before me
on March 26, 2007

Notary

JASON BARUCH
Notary Public, State of New York
No. 02BA6106898
Qualified in New York County
Commission Expires March 18, 2008

## Certification Pursuant to 22 NYCRR Section 130-1.1A

LESLIE H. BEN-ZVI, ESQ., an attorney duly licensed to practice law in the State of New York, upon the penalties of perjury, hereby certifies as follows:

Pursuant to Section 130-1.1a of the Rules of the Chief Administrator, the undersigned certifies that to the best of his knowledge, information and belief, the instant action is not frivolous as defined by 22 NYCRR Section 130-1.1c.

Dated: New York, New York
     March 27, 2007

LESLIE H. BEN-ZVI, ESQ.

# EXHIBIT B

Elana Gilaad
FORD & HARRISON LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Phone: 212.453.5900
Fax: 212.453.5959
*Attorneys for Defendant Polk Theatre, Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JFP TOURING, LLC, | Index No.: 601130/07 |
| Plaintiff, | |
| -against- | |
| POLK THEATRE, INC., | |
| Defendant. | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of the Court
        Supreme Court of the State of New York
        County of New York
        60 Centre Street
        New York, NY 10007

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Southern District of New York, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.* Attached as Exhibit 1 to this Notice is a copy of the Notice of Removal of the above-captioned action, filed on behalf of Defendant, Polk Theatre, Inc., in the United States District Court for the Southern District of New York on this date.

**[signatures appear on next page]**

Dated:  April 26, 2007               Respectfully submitted,

FORD & HARRISON LLP

By: _____

Elana Gilaad
100 Park Avenue, Suite 2500
New York, NY  10017
Phone:  212.453.5900
Fax:  212.453.5959
*Attorneys for Defendant Polk Theatre, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Notice of Notice

of Removal has been served by Hand Delivery upon:

Leslie H. Ben-Zvi, Esquire
1790 Broadway – 10th Floor
New York, NY 10019

*Attorney for the Plaintiff JFP Touring, LLC*

_____
Elana Gilaad

Dated: April 26, 2007

NEW YORK