UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
JFP TOURING, LLC,
                                                  :    Civil Action No. 07-3341 (CM)(RLE)
                    Plaintiff,
                                                  :
            against
                                                  :
POLK THEATRE, INC.,
                                                  :
                    Defendant.
                                                  :

                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE**

---

FORD & HARRISON LLP
Elana Gilaad
100 Park Avenue, Suite 2500
New York, New York  10017
Phone:  212.453.5900

William Edward Grob*
Florida Bar No. 0463124
101 E. Kennedy Boulevard, Suite 900
Tampa, FL  33602-5133
Phone: 813.261.7800.
* Pro Hac Vice Admission Pending

*Attorneys for Defendant Polk Theater*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PROCEDURAL BACKGROUND ................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

    I.        THE POLK THEATRE ................................................................................... 1

    II.      ON GOLDEN POND ..................................................................................... 2

    III.    PLAINTIFF'S COMPLAINT ......................................................................... 3

MEMORANDUM OF LAW ........................................................................................... 4

    I.        THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL
           JURISDICTION ............................................................................................ 4

           A.       Legal Standard ......................................................................................... 4

           B.       The Polk Theatre Is Not Subject to Personal Jurisdiction in New
                  York ........................................................................................................ 4

    II.      VENUE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF
           FLORIDA ...................................................................................................... 8

           A.       Legal Standard for Transferring Venue ................................................... 8

           B.       The Polk Theatre Is Entitled to Have Venue Transferred to Federal
                  Court With Jurisdiction Over Polk County, Florida ................................. 9

           C.       New York's Conflict of Laws Rules Support Jurisdiction and
                  Venue in Florida ................................................................................... 11

CONCLUSION .............................................................................................................. 14

**Cases**

*Babcock v. Jackson,*
    12 N.Y.2d 473; 240 N.Y.S.2d 743 (N.Y. 1963) ........................................................ 11

*Beacon Enterprises, Inc. v. Menzies,*
    715 F.2d 757, 766 (2d Cir. 1983) .......................................................................... 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.,*
    448 F.3d 573, 583 (2d Cir. 2006) .......................................................................... 11

*Brink's Limited v. South African Airways,*
    93 F.3d 1022, 1031 (2d Cir. 1996) ........................................................................ 12

*Deutsche Bank Securities, Inc. v. Montana Bd. of Investments,*
    21 A.D.3d 90; 797 N.Y.S.2d 439(1st Dept. 2005) ................................................. 6

*Faggionato v. Lerner,*
    06 Civ. 2614, 2007 U.S. Dist. LEXIS *15-*16
    (S.D.N.Y. March 30, 2007) ................................................................................... 11

*Galgay v. Bulletin Co, Inc.,*
    504 F.2d 1062 (2d Cir. 1974) ........................................................................... 7, 8

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501, 67 S. Ct. 839 (1947) ........................................................................ 8

*Hanson v. Denckla,*
    357 U.S. 235, 253, 78 S. Ct. 1228 (1958) ............................................................. 5

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,*
    763 F.2d 55, 57 (2d Cir. 1985) .............................................................................. 4

*In re Allstate Ins. Co.,*
    81 N.Y.2d 219; 597 N.Y.S.2d 904 (N.Y. 1993) ................................................... 12

*Johnson v. Ward,*
    4 N.Y.3d 516; 797 N.Y.S.2d 33 (N.Y. 2005) ....................................................... 5

*Kimco Exch. Place Corp. v. Benz & Co.,*
    9 Misc. 3d 1125, 2005 N.Y. Slip Op. 51791U,
    2005 N.Y. Misc. LEXIS 24495 (Sup. Ct., Nassau Cty., Nov. 3, 2005)............. 5, 6, 7

*Kimco Exch. Place Corp. v. Thomas Benz,*
    2006 N.Y. App. Div. LEXIS 13386 (2d Dept. 2006) ............................................. 5

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
    313 U.S. 487; 61 S. Ct. 1020 (1941)...................................................................... 11

*Linzer v. Blackwood Music, et. al.,*
    904 F. Supp. 207, 211 (S.D.N.Y. 1995)............................................................ 4, 8, 9

*Riblet Prods. Corp. v. Nagy,*
    191 A.D.2d 626, 595 N.Y.S.2d 228 (2d Dept. 1993) ............................................ 5

*Sports Technologies Int'l Corp. v. Woods,*
    No. 89 Civ. 7274, 1990 U.S. Dist. LEXIS 6450 (S.D.N.Y. May 29, 1990) .......... 6, 7

*Stewart Org., Inc. v. Ricoh Corp.,*
    487 U.S. 22, 23; 108 S. Ct. 2239 (1988).............................................................. 8

*Van Dusen v. Barrack,*
    376 U.S. 612; 84 S. Ct. 805 (1964)..................................................................... 8

**Statutes**

28 U.S.C. § 1391(a) .............................................................................................. 1, 9, 10
28 U.S.C. § 1391(a)(1)............................................................................................ 9
28 U.S.C. § 1391(a)(3)............................................................................................ 9
28 U.S.C. § 1391(c) ................................................................................................ 9
28 U.S.C. § 1404(a) ............................................................................................ 10, 13
28 U.S.C. §1441 ..................................................................................................... 1

Fed. R. Civ. P. 12(b) .............................................................................................. 4
Fed. R. Civ. P. 12(b)(2)........................................................................................... 1
Fed. R. Civ. P. 12(b)(3)........................................................................................... 1
Fed. R. Civ. P. 12(b)(6)........................................................................................... 4
N.Y.C.P.L.R. 302(a) ............................................................................................... 4

Pursuant to Fed. R. Civ. P. 12(b)(2) and (3), and 28 U.S.C. §§ 1391, 1404 and 1441, Defendant, Polk Theatre, Inc. ("Defendant" or "Polk Theatre"), hereby moves this Court to dismiss Plaintiff's Complaint for lack of jurisdiction over Defendant, or, alternatively, moves to transfer venue from the United States District Court for the Southern District of New York to the United States District Court for the Middle District of Florida, Tampa Division. In support hereof, Defendant states as follows:

## PROCEDURAL BACKGROUND

On or about March 27, 2007 Plaintiff filed its Complaint in the Supreme Court, State of New York, in and for New York County, New York. On April 27, 2007, Defendant removed this action to this Court based on this Court's original diversity jurisdiction.

## STATEMENT OF FACTS

### I.    THE POLK THEATRE

The Polk Theatre is a Florida, not-for-profit corporation which is comprised solely of one venue, built in Lakeland, Florida, in 1928 as a show place for vaudevillian performances and movies during the "golden age" of theatre in the United States. (See accompanying Affidavit of Leslie Sikora ("Sikora Aff.") at ¶ 3.) After changing ownership over the years, in the 1980s the Polk Theatre was purchased by a group of civic, preservation-minded citizens of Polk County, Florida, to be maintained as a non-profit, cultural icon of the Arts in Polk County, Florida. (Sikora Aff. ¶ 4.) Over the next twenty (20) years, the Theatre was painstakingly renovated and restored to reflect the history of the Arts in Polk County. (Sikora Aff. ¶ 5.) The Polk Theatre is currently listed in the National Register of Historic Places, and is solely supported by revenue from films, performing arts performances, rentals, fundraisers and memberships. (Sikora Aff. ¶

6.)  The Polk Theatre is maintained and operated by a full-time staff of three (3) people: an Executive Director, an Administrative Assistant and a House Manager. (Sikora Aff. ¶ 7.)  The remaining functions of the Theatre are serviced by volunteers and part-time personnel hired on an ad hoc basis, depending on whether an event is scheduled. (Sikora Aff. ¶ 8.)  The Polk Theatre does not conduct business outside of Polk County, Florida. (Sikora Aff. ¶ 9.)

Annually, the Polk Theatre's primary source of revenue is its performing arts series where the Theatre books approximately six (6) live performances of small plays, musicals, concerts and/or comedic acts which are presented over an eight (8) month period, generally between September and April. (Sikora Aff. ¶ 10.)  Discussions and negotiations for booking performances are conducted over the telephone and by electronic correspondence between the producers and the Theatre, in Polk County, Florida, exclusively for performances which are all scheduled to take place in Lakeland, Florida. (Sikora Aff. ¶ 12.)

## II.    ON GOLDEN POND

In August 2006, Leslie Sikora, the Executive Director for the Polk Theatre, needed to replace a cancelled show for the annual performing arts series. (Sikora Aff. ¶ 13.)  Hearing that the production of "*On Golden Pond*" (hereinafter "the Show") was touring, Ms. Sikora contacted Avid Touring Group[1] ("Avid"), from Polk County, Florida, by e-mail to inquire about the show. (Sikora Aff. ¶ 14.)  Between August 2006 and January 2007, discussions occurred via telephone, mail and electronic communications to and from Polk County, Florida, about the feasibility of booking the show at the Polk Theatre. (Sikora Aff. ¶ 15.)  At no time did Ms. Sikora or any representative of the Polk Theatre travel to New York or otherwise personally enter New York

---

[1]  Interestingly, all discussions about booking *On Golden Pond* and associated negotiations were conducted by and between Leslie Sikora and Avid. (Sikora Aff. ¶ 17.)  At no time did any discussions or negotiations occur between Plaintiff, JFP Touring, and any representative of the Polk Theatre.

concerning the transaction. (Sikora Aff. ¶ 17.)  Rather, all negotiations and discussions were conducted electronically, solely between Avid representatives and Ms. Sikora -- who was, at all times related to this transaction, in Polk County, Florida. (Sikora Aff. ¶¶ 19-20.)  Furthermore, at no time were any proceeds, or any money whatsoever, paid to Avid or Plaintiff in New York, or anywhere else, in conjunction with negotiations to have the Show in Lakeland. (Sikora Aff. ¶ 27.)

## III.    PLAINTIFF'S COMPLAINT

Plaintiff's allegations in its Complaint confirm that the transaction was solely based on electronic and mail communications, that no contract was ever executed in New York, and that all substantive discussions were focused on conduct which was to occur in Florida, not New York.  Plaintiff admits Defendant is a Florida corporation (Complaint ¶ 2).[2]  The transaction at issue was solely related to a performance which was to occur in Polk County, Florida (Complaint ¶ 5).  Once preliminary discussions were in motion "Plaintiff sent Defendant an Engagement Memorandum" to Polk County, Florida, which was a form agreement reflecting preliminary terms of the transaction (Complaint ¶ 6).  In fact, all discussions regarding the transaction took place by telephone, mail or email (Complaint ¶¶ 8-16, 18).  The only meeting which took place between any agent of Plaintiff and Defendant took place in Polk County, Florida when "Plaintiff conducted a site survey of Defendant's theatre" (Complaint ¶ 19).  The "proposed" final contracts were "sent" to Defendant in Polk County, Florida, and were never signed by either party (Complaint ¶ 13).  Regarding venue, the only reference is found in Plaintiff's Summons -- "The basis of venue is: Plaintiff's Residence." (Complaint – Summons).

---

[2]  A copy of Plaintiff's Summons and Complaint is attached to the Sikora Aff. as Exhibit A.

## MEMORANDUM OF LAW

### I.    THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

####     A.    Legal Standard

In reviewing a motion to dismiss for lack of personal jurisdiction, courts must consider facts from the pleadings and affidavits submitted in support of the motion[3] in a light most favorable to the plaintiff. *See Linzer v. Blackwood Music, et. al.*, 904 F. Supp. 207, 211 (S.D.N.Y. 1995) (citing, *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). In diversity actions, federal courts must look to the long-arm statute or general jurisdictional statute of the forum state to determine whether jurisdiction over the person is properly exercised for a non-resident defendant. *See id.*

####     B.    The Polk Theatre Is Not Subject to Personal Jurisdiction in New York

The Polk Theatre never availed itself of the benefits of the forum (New York) to qualify for personal jurisdiction in New York. New York law provides, *inter alia*: "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. 302(a). "Personal jurisdiction under New York's long-arm statute further requires not only that the defendant transact business in the state **but that the cause of action arise from the state.**" *Linzer*, 904 F. Supp. at 212 (emphasis added). "To be sure, there must be 'some act by which the Defendant purposefully avails itself of the privilege of **conducting activities with the forum state**, this invoking the benefits and

---

[3] Extraneous matter outside the pleadings may be considered in conjunction with a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b). *See Linzer*, 904 F. Supp. at 212. Other than pursuant to a Rule 12(b)(6) motion, other Rule 12(b) motions need not be converted to Rule 56 motions to consider material beyond the pleadings. *See id.*

protections of its laws.'" *Kimco Exch. Place Corp. v. Benz & Co.* ("*Kimco*"), 9 Misc. 3d 1125, 2005 N.Y. Slip Op. 51791U, 2005 N.Y. Misc. LEXIS 2449, *4-*5 (Sup. Ct., Nassau Cty., Nov. 3, 2005) (emphasis added) (aff'd, *Kimco Exch. Place Corp. v. Thomas Benz*, 2006 N.Y. App. Div. LEXIS 13386 (2d Dept. 2006) (quoting, *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958). A "substantial relationship must be established between a Defendant's transactions in New York and a Plaintiff's cause of action in order to satisfy the nexus requirement of the statute." *Id.* at *5 (quoting *Johnson v. Ward*, 4 N.Y.3d 516; 797 N.Y.S.2d 33 (N.Y. 2005). Plaintiff bears the burden to prove jurisdiction actually exists. *Kimco Exch. Place Corp.,* 9 Misc. 3d 1125, 2005 N.Y. Slip Op. 51791U, 2005 N.Y. Misc. LEXIS 2449, at *6.

Here, the issue must be decided by an analysis of whether the Polk Theatre, or any agent thereof, conducted activities of sufficient quality and nature "such that it is reasonably fair" to require the Theatre to conduct its defense on New York. *Id.* (quoting *Riblet Prods. Corp. v. Nagy*, 191 A.D.2d 626, 595 N.Y.S.2d 228 (2d Dept. 1993). On this issue, the *Kimco* case is instructive. In *Kimco*, the plaintiff, a licensed real estate broker in New York, contracted with the defendants, entered into two exclusive agreements to market and sell properties owned by the defendants. *See id.* at *1-*2. The defendants were, at all times material to the case, living in Florida and their company's principal place of business and place of incorporation was in Florida. *See id.* at *2. Although none of the properties at issue were located in New York, all correspondence and negotiations took place, electronically, between New York and Florida. *See id.* No defendant was registered to do business or had any representatives or employees in New York. *See id.* at *2. The agreements at issue were negotiated and signed, electronically, by fax. *See id.* In granting the defendants' motion to dismiss for lack of personal jurisdiction, the court held that the plaintiff failed to establish that the court had personal jurisdiction pursuant to New

York Law. *See id.* at *7. The court dismissed the case on the basis that: (1) none of the subject property was located in New York; (2) both defendants were Florida entities; and (3) neither defendant maintained any presence in New York, possessed any residence in New York or formally conducted any business in New York. *See id.* Despite finding that telephone calls, faxes and other electronic communications were conducted between the parties, the court held that "electronic communications, telephone calls or letters, in and of themselves, are generally not enough to establish jurisdiction" in New York. *Id.* at *3 (quoting, *Deutsche Bank Securities, Inc. v. Montana Bd. of Investments*, 21 A.D.3d 90; 797 N.Y.S.2d 439 (1st Dept. 2005), *see also Sports Technologies Int'l Corp. v. Woods*, No. 89 Civ. 7274, 1990 U.S. Dist. LEXIS 6450, at *4-*5 (S.D.N.Y. May 29, 1990) (holding that electronic and mail communications were not sufficient to establish personal jurisdiction over a non-resident defendant). The *Kimco* court went on to hold that:

> [T]he mere fact that some of the documents involved in the transaction were transmitted to Plaintiff in New York, does not establish that the transaction, if any, to which these documents relate, bear a substantial or significant nexus to the State of New York or that the Defendants thereby projected themselves into a business transaction occurring in New York.

*Kimco*, 2005 N.Y. Misc. LEXIS 2449 at *9 (internal citations omitted). Courts have consistently refused to permit personal jurisdiction to be established when the sole basis of invoking jurisdiction involves a non-resident defendant's communications with a New York party. *See Sports Technologies,* 1990 U.S. Dist. LEXIS 6450 at *8 (citing *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 766 (2d Cir. 1983).

Here, just like in the *Kimco* case, there can be no dispute that all communications and negotiations about the transaction at issue were conducted by the Polk Theatre in Lakeland, Florida, about and solely relating to a performance which was to occur in Lakeland, Florida.

(Sikora Aff. ¶¶ 15, 20.)  The Engagement Memorandum that allegedly forms the basis of Plaintiff's Complaint relates solely to the subject show which was to be performed entirely in Polk County, Florida; paid for by receipts which were solely to be received in Polk County, Florida; and subjected the Polk Theatre to a number of requirements regarding the venue, dressing rooms and treatment of the cast and crew, all of which were to occur in Polk County, Florida.  (*See* Sikora Aff, Ex. B.)

Although communications occurred between Leslie Sikora in Polk County, Florida, and representatives of Avid (whose location could have been in New York, or any other state for that matter), Ms. Sikora: (1) never presented herself in New York at any time related to the transaction; (2) never provided any payment to any bank in New York; and (3) never signed any "fully executed Engagement Agreement" as expressly required under the Engagement Memorandum to complete the transaction. (Sikora Aff. ¶¶ 18, 25, 27; Ex. B.)  Moreover, the Polk Theatre does not have a New York office, owns no property in New York, maintains no bank account in New York and performs no functions in New York, any or all of which may be required to establish personal jurisdiction. *See Sports Technologies Int'l Corp.*, 1990 U.S. Dist. LEXIS 6450 at *6-*7.  As such, just like the *Kimco* defendants, no representative of the Polk Theatre ever presented herself in New York to "avail" herself of the "benefits of the forum." *Kimco*, 2005 N.Y. Misc. LEXIS 2449 at *4-*5, *see also, Galgay v. Bulletin Co, Inc.*, 504 F.2d 1062 (2d Cir. 1974) (granting motion to dismiss for lack of personal jurisdiction where the defendant engaged in numerous discussions, negotiations and entered into a final contract in New York, for the purchase of goods with a New York company, but where such conduct failed to rise to the level of "meaningful or purposeful activity" required to exercise jurisdiction).

Plaintiff may attempt to claim that Defendant's signature on the Engagement Agreement is sufficient to establish jurisdiction in New York. However, even if an agreement is executed between parties and, in part, is signed in New York by a plaintiff (which no agreement was ever alleged to have been signed by Plaintiff in this case), such conduct is not sufficient to qualify a defendant as "transacting business" in New York. *Galgay*, 504 F.2d at 1065.

## II.    VENUE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA

Alternatively, in the event this Court holds that personal jurisdiction over the Polk Theatre is proper, venue should be transferred from the United States District Court for the Southern District of New York, to the Middle District of Florida, Tampa Division -- the Division encompassing actions arising in Polk County, Florida.

### A.    Legal Standard for Transferring Venue

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501; 67 S. Ct. 839 (1947). The statute itself, "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23; 108 S. Ct. 2239 (1988); *see also, Van Dusen v. Barrack*, 376 U.S. 612, 616; 84 S. Ct. 805 (1964). The moving party bears the burden of establishing the propriety of the transfer. *See Stewart Org.*, 487 U.S. at 23. Section 1404(a) directs courts to consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See Linzer v. Blackwood Music, et. al.*, 904 F. Supp. 207, 215-16 (S.D.N.Y. 1995).

All three factors must be considered and the burden is on the moving party to establish the propriety of the transfer. *See id.* at 216. The standard for transfer under the statute gives broad discretion to the trial court, which must rely on traditional notions of convenience and fairness. *See id.* Therefore, a defendant moving to transfer venue must establish that "the transfer is in the best interests of the litigation." *Id.*

### B.    The Polk Theatre Is Entitled to Have Venue Transferred to Federal Court With Jurisdiction Over Polk County, Florida

Plaintiff's Complaint makes no representation as to why venue in New York is appropriate as filed. In fact, the only mention of jurisdiction or venue is in Plaintiff's Summons which vaguely refers to the "basis of venue" being "Plaintiff's Residence." (*See* Sikora Aff. Ex. A.) Plaintiff's residence is simply not sufficient to establish proper venue in New York. *See* 28 U.S.C. § 1391(a).

28 U.S.C. § 1391(a) states that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought **only** in

a judicial district where any defendant resides, if all defendants reside in the same State,

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

a judicial district in which any defendant is subject to personal jurisdiction **at the time the action is commenced**, if there is no district in which the action may otherwise be brought.

(Emphasis added). 28 U.S.C. § 1391(c) further instructs that, "[f]or the purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Clearly, the Polk Theatre does not "reside" in New York for purposes of jurisdiction; nor was it subject to personal jurisdiction in New York **at the time this action was commenced**.

- 9 -

Therefore, 28 U.S.C. §§ 1391(a)(1) and (3) do not apply in this situation, leaving the Court to determine only whether a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in New York. A review of the Complaint and the operative facts answer that inquiry in the negative.

Turning to the transaction in question, the operative facts in Plaintiff's Complaint clearly demonstrate: (1) all negotiations on the part of Defendant were conducted in Florida; (2) the Engagement Memorandum was signed by Defendant in Florida; (3) the only meeting in person between any representatives of Plaintiff and Defendant occurred in Florida; (4) the performance which was to be the culmination of the negotiations was to occur in Florida; and (5) other than mailing the blank Engagement Agreement and the proposed contract, no portion of either document was signed by any agent of Plaintiff in New York, or anywhere else. Therefore, there can be no material connection between Defendant and New York sufficient to establish proper venue in New York pursuant to 28 U.S.C. § 1391(a).

Additionally, other than the electronic communications to and from Polk County, Florida, between Avid and Ms. Sikora, the Polk Theatre conducted no business activity in the State of New York. (Sikora Aff. ¶ 28.) Indeed, there can be no dispute the Polk Theatre conducts all of its business activities in the State of Florida. (Sikora Aff. ¶ 28.) And, there can be no question that the Polk Theatre was not subject to personal jurisdiction in New York.

Even if, pursuant to 28 U.S.C. § 1391(a), venue is appropriate in either jurisdiction (New York or Florida), which it is not, the Court must subsequently weigh the factors set forth in 28 U.S.C. § 1404(a); namely, "convenience of parties and witnesses" and "the interest of justice." Here, the performance was scheduled to take place in Polk County, Florida. The witnesses to the impediments which prohibited the Show from being performed at the Polk Theatre are primarily

in Polk County, Florida. The documents forming the basis of the claims and defenses are all located in Polk County, Florida. Should witnesses or a trier of fact be required to observe the venue to review the evidence that the Polk Theatre was not equipped to handle the show (a primary issue regarding why the performance could not go forward), those individuals would be required to tour the facility in Polk County, Florida.

Moreover, the Polk Theatre, as a private, not-for-profit organization, operates on a minimal budget. Requiring the Polk Theatre to defend a lawsuit in New York is financially disastrous and could cause Defendant to become insolvent. (Sikora Aff. ¶ 29.) Simply put, the hardship incurred litigating the matter in a foreign jurisdiction where the Polk Theatre has never conducted business would contravene the interest in justice in having the matter tried where the Polk Theatre could best mount its defense.

C.    **New York's Conflict of Laws Rules Support Jurisdiction and Venue in Florida**

Venue is far more appropriate in the federal court having jurisdiction over Polk County because New York choice of law provisions support applying substantive Florida law to the case. Federal courts sitting in diversity jurisdiction cases apply the choice of law rules from the forum state. *See Faggionato v. Lerner*, 06 Civ. 2614, 2007 U.S. Dist. LEXIS *15-*16 (S.D.N.Y. March 30, 2007) (citing, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496; 61 S. Ct. 1020 (1941). In New York, courts apply the law of the jurisdiction with the "most significant relationship with the occurrences and with the parties." *Id.* at *16 (citing, *Babcock v. Jackson*, 12 N.Y.2d 473; 240 N.Y.S.2d 743 (N.Y. 1963). For cases alleging breach of contract, New York applies a "center of gravity" or "grouping of contacts" analysis, permitting courts to consider which forum had the most significant contacts. *Id.* (citing, *Beth Isreal Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.*, 448 F.3d 573, 583 (2d Cir. 2006)). Factors courts are to

- 11 -

consider in their analyses include: (1) the "place of contracting, negotiation and performance;" (2) the "location of the subject matter of the contract;" and (3) the "domicile of the contracting parties." *Id.* (quoting, *In re Allstate Ins. Co.*, 81 N.Y.2d 219; 597 N.Y.S.2d 904 (N.Y. 1993)). . The primary focus of the analysis is the place of contract execution and the place of performance. *See id.* (citing, *Brink's Limited v. South African Airways*, 93 F.3d 1022, 1031 (2d Cir. 1996)).

Here, the only contract which is alleged to have been executed is the Engagement Memorandum (Complaint ¶ 11). The Engagement Memorandum (Sikora Aff. Ex. B) clearly shows it was only signed by one person Leslie Sikora, on behalf of the Polk Theatre, which she physically signed in Polk County, Florida. No agreement was ever signed by Plaintiff. Therefore the sole agreement forming the basis of Plaintiff's breach of contract was signed in Polk County, Florida. Additionally, the agreement Plaintiff contends was not signed and forms the basis of Plaintiff's claim for detrimental reliance, was rejected by the Polk Theatre in Polk County, Florida.

With regard on where the subject matter of the transaction was to be performed, there can be no question performance was to occur in Polk County, Florida. For obvious reasons, Plaintiff failed to attach a complete copy of the Engagement Memorandum to avoid the legal effect of the clause on the Memorandum that required: **"This engagement is subject to the terms of the fully executed Engagement Agreement, which shall be derived, in part, from the terms agreed upon in this Engagement Memorandum."** (Sikora Aff. Ex. B.) However, even a simple review of the terms of the Engagement Memorandum Plaintiff chose to reference in its Complaint reveals that Florida clearly has by far the most significant nexus to the transaction, not New York. Paragraph 7 of Plaintiff's Complaint incorporates many of the terms of the

Engagement Memorandum.  For example, within Paragraph 7, the following terms relate specifically to issues solely to be performed in Polk County, Florida: A) Presenter (Polk Theatre); B) Venue (Polk Theatre); C) Load-In (Polk Theatre); D) Engagement Period (for performances at the Polk Theatre); E) Performance Schedule (Polk Theatre); H) Expenses (to be incurred by the Polk Theatre in Polk County, Florida); I) Star Requirements (provided solely by the Polk Theatre in Florida); J) Advertising Copy (solely advertised in Florida); K) Program Copy (solely to be completed in Polk County, Florida); L) Ticket Prices (to be sold in Polk County, Florida); M) Discounts (for tickets sold exclusively by the Polk Theatre); N) Deductions (for tickets sold exclusively by the Polk Theatre); S) Technical Rider (relating exclusively to the physical properties of the Polk Theatre).  Provisions in parts "F" and "G" were dedicated to revenues estimations, splits and where the revenues were to be deposited.[4]  Provisions in parts "O" and "P" were dedicated to provision of complimentary seats to the press and each party. Provisions in parts "Q" and "R" were dedicated to discussions of advertising and marketing which were to be reviewed and approved by a marketing representative in Ohio.  Provisions in parts "T," "U," "V" and "W" related to terms affecting both parties; however, no provision related to any obligation to be performed exclusively in New York.  Clearly, the nexus weighs most heavily in favor of jurisdiction and venue in the federal court which has jurisdiction over Polk County, Florida.

---

[4]  While the Engagement Memorandum reflected that show revenues ultimately were to be deposited in a New York bank account, no money was ever deposited in such account, nor was any money paid to any party in New York related to this transaction.

## CONCLUSION

WHEREFORE, on the basis of the foregoing, Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, transferred to the United States District Court for the Middle District of Florida, Tampa Division pursuant to Fed. R. Civ. P. 12(b)(3).

Dated: May 1, 2007                                Respectfully submitted,

                                                 FORD & HARRISON LLP


                                                 By: _____

                                                     Elana Gilaad (EG-4212)
                                                     100 Park Avenue, Suite 2500
                                                     New York, New York 10017
                                                     Phone: 212.453.5900
                                                     Fax: 212. 453.5959

                                                     William Edward Grob*
                                                     Florida Bar No. 0463124
                                                     101 E. Kennedy Boulevard, Suite 900
                                                     Tampa, FL 33602-5133
                                                     Phone: 813.261.7800.
                                                     Fax: 813. 261.7899
                                                     * *Pro Hac Vice* Admission Pending

NEW YORK:47313.3

- 14 -