UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
:
JFP TOURING, LLC,                :
:
         Plaintiff,    :
:
    against                      :   Civil Action No. 07-3341 (CM)(RLE)
:
POLK THEATRE, INC.,              :
:
         Defendant.    :
:
---------------------------------x

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE**

FORD & HARRISON LLP

William Edward Grob
Florida Bar No. 0463124
wgrob@fordharrison.com
Admitted *Pro Hac Vice*
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133
Phone: 813.261.7800
Fax: 813. 261.7899

Elana Gilaad (EG-4212)
egilaad@fordharrison.com
100 Park Avenue, Suite 2500
New York, New York 10017
Phone: 212.453.5900
Fax: 212. 453.5959

*Attorneys for Defendant Polk Theatre*

## TABLE OF CONTENTS

Page

I.  DEFENDANT IS ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT .......................................................................................................... 1

    A.  Defendant's Contacts With AVID Do Not Support Personal Jurisdiction In New York ............................................................................................................................. 3

    B.  The January 9, 2007 Engagement Agreement Is Not Valid ................................. 6

    C.  Defendant Never Asked or Engaged Plaintiff to Negotiate With Any Union ....... 7

II. ALTERNATIVELY, VENUE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA .............................................................................. 9

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Beacon Enterprises, Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983) ................................................................................. 8

*Galgay v. Bulletin Co, Inc.*,
   504 F.2d 1062 (2d Cir. 1974) ............................................................................... 6

*Linzer v. Blackwood Music*,
   904 F. Supp. 207 (S.D.N.Y. 1995) ....................................................................... 9

*Sports Technologies International Corp. v. Woods*,
   No. 89 Civ. 7274, 1990 U.S. Dist. LEXIS 6450 (S.D.N.Y. May 29, 1990) ......... 8

*United Computer Capital Corp. v. Secure Prod. Corp.*,
   218 F. Supp. 2d 273 (S.D.N.Y. 2002) ........................................................... 4, 5, 9

## STATE CASES

*Kimco Exch. Place Corp. v. Benz & Co. ("Kimco")*,
   9 Misc. 3d 1125, 2005 N.Y. Slip Op. 51791U, 2005 N.Y. Misc. LEXIS 2449
   (Sup. Ct., Nassau Cty., Nov. 3, 2005) ................................................................. 1

*Libra Global Technology Svcs. (UK) Ltd. v. Telemedia International Ltd.*,
   719 N.Y.S.2d 53 (1st Dept. 2001) ........................................................................ 5

*Riblet Prods. Corp. v. Nagy*,
   191 A.D.2d 626, 595 N.Y.S.2d 228 (2d Dept. 1993) ........................................... 1

## FEDERAL STATUTES

28 U.S.C. § 1391(a) ................................................................................................. 9, 10

28 U.S.C. § 1404(a) ..................................................................................................... 9

Fed. R. Civ. P. 12(b)(2) .............................................................................................. 10

Fed. R. Civ. P. 12(b)(3) .............................................................................................. 10

## STATE AUTHORITIES

N.Y.C.P.L.R. 302(a) ......................................................................................... 3, 4, 5, 9

Pursuant to this Court's local rules and the individual practices of the Judge, Defendant, Polk Theatre, Inc. ("Defendant" or "Polk Theatre"), hereby files this reply memorandum in support of Defendant's motion to dismiss Plaintiff's Complaint for lack of jurisdiction over Defendant, or, alternatively, motion to transfer venue from the United States District Court for the Southern District of New York to the United States District Court for the Middle District of Florida, Tampa Division. In support hereof, Defendant states as follows:

I.   **DEFENDANT IS ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT**

Despite this Court's page limitations in your Honor's individual practice rules, Plaintiff filed a ten-page memorandum accompanied by a twenty-page affidavit allegedly serving as Plaintiff's statement of facts. Plaintiff's response to Defendant's motion is wrought with unsupported conjecture and speculation that primarily attempts to address the merits of Plaintiff's case rather than the merits of Defendant's motion to dismiss, which is based on procedural defects in Plaintiff's Complaint. As discussed fully in its moving brief, Defendant is entitled to dismissal of Plaintiff's claim because: (1) the electronic communication and transactions between Defendant in Florida, and AVID Touring Group ("AVID") in New York were not sufficient for Defendant to have "purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Kimco Exch. Place Corp. v. Benz & Co.* ("*Kimco*"), 9 Misc. 3d 1125, 2005 N.Y. Slip Op. 51791U, 2005 N.Y. Misc. LEXIS 2449, *4-*5 (Sup. Ct., Nassau Cty., Nov. 3, 2005) (emphasis added) (aff'd, *Kimco Exch. Place Corp. v. Thomas Benz*, 2006 N.Y. App. Div. LEXIS 13386 (2d Dept. 2006); and (2) Defendant never conducted activities of sufficient quality and nature "such that it is reasonably fair" to require Defendant to conduct its defense in New York. *Id.* (quoting *Riblet Prods. Corp. v. Nagy*, 191 A.D.2d 626, 595 N.Y.S.2d 228 (2d Dept. 1993). For these

reasons, this Court in New York has no jurisdiction over Defendant and this matter is improperly venued in the Southern District of New York.

Plaintiff responded to Defendant's motion by asserting that: (1) the January 9, 2007 Engagement Agreement provided for jurisdiction of all disputes to take place in New York; and (2) Defendant purportedly asked Plaintiff to modify a New York union contract, which established jurisdiction in New York. As will be explained further, the January 9, 2007 Engagement Agreement was **never executed by either party**, neither Plaintiff nor Defendant, and the evidence Plaintiff provided regarding the alleged union negotiation issue completely contradicts Plaintiff's conclusory assertion.

Plaintiff also suggests in his response that Defendant is subject to jurisdiction because: (1) Defendant sought out Plaintiff on the Internet; (2) Defendant specifically sought a New York produced show; (3) Defendant purportedly signed and mailed agreements referencing New York law, venue and unions; (4) Defendant solicited Plaintiff to negotiate a union contract; (5) Defendant accepted services from a New York-created production; (6) Defendant accepted services of a New York staff and crew; and (7) Defendant engaged in a number of electronic communications with Plaintiff between September 2006 and February 2007. As will be discussed below, the vast majority of Plaintiff's allegations are not supported by evidence provided by Plaintiff.

Importantly, a fact which is unrebutted by Plaintiff, is that all discussions and communications between September 2006 and January 2007 occurred between Defendant and AVID, not Plaintiff JFP Touring, LLC. This issue is evident in the email correspondence submitted by Plaintiff in response to Defendant's Motion. *See* Affidavit of Jeffrey Finn accompanying Plaintiff's motion papers (hereafter, "Finn Aff."), Ex. B, C, D, E, F, G, H, I, K,

and L (all referencing AVID or representatives of AVID). Additionally, numerous allegations in Finn's sixty-three paragraph Affidavit state broad-based legal conclusions, sweeping spurious statements and self-serving commentary on the veracity of the evidence and the truthfulness of statements by Defendant's Executive Director, Leslie Sikora -- all of which should be stricken from the record and/or disregarded in their entirety.

### A. Defendant's Contacts With AVID Do Not Support Personal Jurisdiction In New York

Plaintiff claims that Defendant is subject to New York personal jurisdiction because: (1) Defendant signed and mailed agreements referencing New York law, venue and unions; (2) Defendant solicited Plaintiff to negotiate a union contract; (3) Defendant sought out Plaintiff on the Internet; (4) Defendant specifically sought a New York produced show; (5) Defendant accepted services from a New York-created production; (6) Defendant accepted services of a New York staff and crew; and (7) Defendant engaged in a number of electronic communications with Plaintiff between September 2006 and February 2007. As will be discussed *infra*, §I(B) and (C): (a) Defendant never signed and mailed any agreement which referenced any application of New York law, venue or any New York union; and (b) Defendant never engaged or asked Plaintiff to negotiate with any union for any reason. The remaining assertions are either not supported by the record evidence or simply are not sufficient to confer personal jurisdiction under New York law. *See* N.Y.C.P.L.R. 302(a).

While it is true that in August 2006, Defendant sought out a replacement show on the Internet for a cancelled show in its annual performing arts series, there is no merit to Plaintiff's assertion that Defendant specifically was looking for a New York-produced show. *See* Sikora Aff. ¶¶ 13-14, Ex. A to Defendant's Motion. No information produced by Plaintiff which is alleged to have been consulted by Defendant could possibly confirm Plaintiff's erroneous

- 3 -

assertions that Defendant specifically sought out a New York produced show. To the contrary, Ms. Sikora confirmed she heard that *On Golden Pond* was touring and looked it up on the Internet to see whether she could book the show in Florida. *See* Sikora Aff. ¶ 14. There was no evidence that Defendant had any information that the touring show was created, cast, produced or originated in New York. It is true that Defendant, while in Florida, entered in to electronic discussions with AVID's office in New York about scheduling a performance in Florida on the tour, but there is no basis for Plaintiff's allegation that Defendant purposefully availed itself of the rights and protections of New York law in trying to book a show that was touring across the country. There is also no evidence Defendant was informed that the performance was comprised of cast and crew from New York.

The only possible basis of jurisdiction, therefore, must stem from the electronic communications between Defendant and AVID. Such communications are not sufficient to support personal jurisdiction over Defendant. Under N.Y.C.P.L.R. 302(a), a court may exercise long arm jurisdiction over contract claims arising out of business transacted in New York. *See United Computer Capital Corp. v. Secure Prod. Corp.*, 218 F. Supp.2d 273, 277 (S.D.N.Y. 2002). The person asserting jurisdiction has the burden to establish proper long arm jurisdiction. *See id.* "The existence of jurisdiction is determined under the CPLR **as of the time of service of the summons and the complaint, and not when the cause of action arose.**" *Id.* (emphasis added).

In this case, the summons was served April 13, 2007. There is no evidence Defendant was performing any business transaction in New York at the time the summons was served. In fact, Defendant solely maintains its place of business in Polk County, Florida and conducts no activities in New York. *See* Sikora Aff. ¶ 29. No evidence submitted by Plaintiff provides any

indication that Defendant transacted any business with any New York entity on or after February 2007, months before the instant lawsuit was filed.

Furthermore, courts are "cautioned that courts should not forget that defendants, as a rule, should be subject to suit where they are normally found ... or where they conduct substantial general business activities." *Secure Prod. Corp.*, 218 F. Supp.2d at 277. "Only in rare cases should [a defendant] be compelled to answer a suit in a jurisdiction in which they have the barest of contact." *Id.* at 278. Negotiations regarding a contract claim that occurred by telephone, electronic communications and by mail with a New York party are generally not sufficient to rise to the level of purposefully transacting business in New York for jurisdiction purposes. *See id.* Even where a defendant signs a contract in another state and the plaintiff signs the contract in New York, it is insufficient to establish personal jurisdiction over the defendant. *See id.* (citing *Libra Global Tech. Svcs. (UK) Ltd. v. Telemedia Int'l Ltd.* 719 N.Y.S.2d 53, 54 (1st Dept. 2001) (holding that where a defendant signed a contract outside New York, the court cannot exercise jurisdiction over the defendant pursuant to N.Y.C.P.L.R. 302(a))).

Contrary to Plaintiff's broad assertion that most of the contractual obligations were to be performed in New York, all of the record evidence shows otherwise. Nowhere is there any correspondence between parties that Defendant specifically hired a "New York Broadway bus and truck" production. Likewise, there is simply no evidence to contradict that the show was to be performed in Polk County, Florida, at a Polk County, Florida non-profit venue, managed and supervised by Polk County, Florida personnel, and labor provided by Polk County, Florida-hired crew. Although the actors in the performance may not have been from Polk County, Florida, there is no evidence they were from New York.

Additionally, Ms. Sikora: (1) never presented herself in New York at any time related to the transaction; (2) never provided any payment to any bank in New York; and (3) never signed any "fully executed Engagement Agreement" as expressly required under the Engagement Memorandum to complete the transaction. *See* Sikora Aff. ¶¶ 18, 25, 27. Moreover, the Polk Theatre owns no property in New York, maintains no bank account in New York and performs no functions in New York. As such, no representative of the Polk Theatre ever presented herself in New York to avail herself of the benefits of the forum. *See Galgay v. Bulletin Co, Inc.*, 504 F.2d 1062 (2d Cir. 1974) (granting motion to dismiss for lack of personal jurisdiction where the defendant engaged in numerous discussions, negotiations and entered into a final contract in New York, for the purchase of goods with a New York company, but where such conduct failed to rise to the level of "meaningful or purposeful activity" required to exercise jurisdiction).

### B. The January 9, 2007 Engagement Agreement Is Not Valid

Plaintiff's reliance on the terms of the Engagement Agreement as the source for New York Jurisdiction is misplaced because neither party agreed to the terms of the document. Therefore, the terms upon which Plaintiff relies are not binding on either party. The five-page Engagement Memorandum, which was drafted by AVID, expressly provided:

> Our office will use this Engagement Memorandum and attachments to generate your Engagement Agreement. Please review and sign this Engagement Memorandum and attachments and return them to [AVID] so that [AVID] may issue the Engagement Agreement. **This engagement is subject to the terms of the fully executed Engagement Agreement**, which shall be derived, in part, from the terms agreed upon in this Engagement Memorandum. Thank you for helping [AVID] expedite the contracting process.

*See* Finn Aff., Ex. A (emphasis added). Accordingly, the eighteen-page Engagement Agreement (which did not yet include the schedules or technical riders Plaintiff referenced in the Engagement Memorandum) was not executed by either party as required by AVID in the

Engagement Memorandum and, therefore, cannot form the basis for jurisdiction in New York. *See* Finn Aff., Ex. D. Alternatively, Plaintiff asserts that because AVID received electronic correspondence about a signed Engagement Agreement, it must have existed and been executed. However, Ms. Sikora confirmed that the Engagement Memorandum was never executed or sent to AVID or JFP in her Affidavit filed in support of Defendant's motion. *See* Sikora Aff. ¶ 26. Therefore, the terms of the Engagement Memorandum form the sole basis, if any, of Plaintiff's claims herein.

### C. Defendant Never Asked or Engaged Plaintiff to Negotiate With Any Union

Plaintiff claims in his memorandum (without citation except to a general cite to the twenty-page affidavit of Finn) that Defendant used Plaintiff as its New York Agent to negotiate a modification of a New York union contract. (Pl. Mot. p. 2.) Referring to the Affidavit of Finn, paragraphs 17, 18, 48-54 appear to allege the basis for such claims.

Contrary to Plaintiff's erroneous assertion that Defendant asked Plaintiff's representative to negotiate with New York unions on its behalf, the evidence submitted in support of Plaintiff's claim on this issue clearly contradicts any such contention. The only purported evidence Finn's Affidavit references in support of this issue is Exhibits E and F, filed with the Affidavit. Those exhibits refer to correspondence in December 2006 and January 2007 between Defendant and AVID representatives concerning Defendant's concern that it was first notified on December 14, 2006 -- months into discussions about presenting the performance at the Polk Theatre -- that Defendant would be required to use union personnel (from Florida, not New York). *See* Finn Aff., Ex. E. As is clearly illustrated in the correspondence: Defendant requested that the AVID representative to "let [her] know how [AVID] think[s] [she] should proceed." *See* Finn Aff., Ex. E. The remaining information in the electronic exchange between Defendant and AVID related to changes to the contract (which had yet to be executed) depending on whether union crew was

or was not required. *See* Finn Aff., Ex. E.. Likewise, Exhibit F reflects correspondence to AVID regarding sending contracts with changes by Defendant related to use of a non-union crew. *See* Finn Aff., Ex. F. The continuing discussions between Plaintiff and Defendant (not between Plaintiff and any unions) form the very basis of why the terms of the engagement were never finalized.

Importantly, it is clear that at no point did any representative from Defendant ever engage any representative of Plaintiff to "negotiate" with any New York union. A review of the Engagement Memorandum reveals no basis for Defendant to have understood any union contract assistance was required for the show. *See* Finn Aff., Ex. A. Additionally, contrary to Finn's assertion in his Affidavit that references to the unions were present in all the "playbills and advertising used by Defendant," Plaintiff submitted no evidence -- because there is no evidence -- that such assertion is true or that Defendant used any of the material referenced. Plaintiff's remaining allegations on this issue involve what appears to be Plaintiff's relationship to the unions in New York and has no material bearing on the instant motion to dismiss for lack of jurisdiction. In short, Plaintiff's voluminous sweeping assertions that Plaintiff was called upon to negotiate with unions on behalf of Defendant has no basis in fact and is contradicted by the evidence Plaintiff submitted. Therefore, such erroneous assertions cannot form the basis of personal jurisdiction over Defendant. *See Sports Technologies Int'l Corp. v. Woods,* No. 89 Civ. 7274, 1990 U.S. Dist. LEXIS 6450, at *8 (S.D.N.Y. May 29, 1990) (citing *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 766 (2d Cir. 1983).

## II. ALTERNATIVELY, VENUE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA

Alternatively, venue should be transferred to the Middle District of Florida, Tampa Division, despite Plaintiff's erroneous assertions otherwise. Plaintiff asserts that venue is proper in New York because: (1) Plaintiff's witnesses reside in New York; (2) Plaintiff's production is New York property; and (3) Defendant's lawyers have an office in New York. Plaintiff's assertions that the production is New York property and that Defendant's law firm has an office in New York provide no legal basis to retain venue. Additionally, other than Jeffrey Finn, Ron Gubin and Jessica Francis, Plaintiff provides no information as to what relationship, if any, the other ten persons listed have to the contract at issue.

Pursuant to 28 U.S.C. § 1404(a), courts are to consider the following factors in determining proper venue: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See Linzer v. Blackwood Music, et. al.*, 904 F. Supp. 207, 215-16 (S.D.N.Y. 1995). 28 U.S.C. § 1391(a) states that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought **only** in

> a judicial district where any defendant resides, if all defendants reside in the same State,
>
> a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> a judicial district in which any defendant is subject to personal jurisdiction **at the time the action is commenced**, if there is no district in which the action may otherwise be brought.

(Emphasis added). As discussed *supra*, §I(A), the latter requirement should be read in tandem with N.Y.C.P.L.R. 302(a), where the existence of jurisdiction is determined "as of the time of service of the summons and the complaint, and not when the cause of action arose." *United Computer Capital Corp. v. Secure Prod. Corp.*, 218 F. Supp.2d 273, 277 (S.D.N.Y. 2002)

Clearly, the Polk Theatre does not "reside" in New York for purposes of jurisdiction; nor was it subject to personal jurisdiction in New York **at the time this action was commenced**. Therefore, 28 U.S.C. §§ 1391(a)(1) and (3) do not apply in this situation, leaving the Court to determine only whether a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in New York. There is no basis to hold that the road show of *On Golden Pond* was a New York Property and a review of the Complaint and the operative facts show that all discussions and communications were conducted with the goal of arranging a performance in Polk County, Florida. Therefore, venue is far more appropriate in Florida than in New York.

### III. CONCLUSION

WHEREFORE, on the basis of the foregoing, Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, transferred to the United States District Court for the Middle District of Florida, Tampa Division pursuant to Fed. R. Civ. P. 12(b)(3).

Dated: June 14, 2007

Respectfully submitted,

FORD & HARRISON LLP

By: s/ William E. Grob
William Edward Grob
Florida Bar No. 0463124
wgrob@fordharrison.com
*Admitted Pro Hac Vice*
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133
Phone: 813.261.7800
Fax: 813. 261.7899

Elana Gilaad (EG-4212)
egilaad@fordharrison.com
100 Park Avenue, Suite 2500
New York, New York 10017
Phone: 212.453.5900
Fax: 212. 453.5959