Elana Gilaad (EG-4212)
FORD & HARRISON LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Phone:  212.453.5900
Fax:  212.453.5959

William E. Grob
Florida Bar No. 0463124
FORD & HARRISON LLP
101 E. Kennedy Blvd.
Suite 900
Tampa, FL  33602
Phone:  813.261.7800
Fax:  813-261-7899
*Attorneys for Defendant Polk Theatre, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JFP TOURING, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POLK THEATRE, INC.,<br><br>　　　　　Defendant. | Civil Action No. 07-3341 (CM)(RLE)<br><br>**ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIM**<br><br>Document Electronically Filed |

Defendant Polk Theatre, Inc. ("Polk Theatre" or "Defendant"), by its attorneys, Ford & Harrison LLP, answers the Complaint as follows:

　　　　1.　　In response to Paragraph No. 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; therefore denied.

　　　　2.　　In response to Paragraph No. 2 of the Complaint, Defendant admits that it is a Florida corporation with offices located in Lakeland, Florida, 127 S. Florida Ave.

3. In response to Paragraph No. 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; therefore denied.

4. In response to Paragraph No. 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; therefore denied.

5. In response to Paragraph No. 5 of the Complaint, Defendant admits that negotiations occurred between representatives of Avid Touring Group and Defendant as to whether the production of On Golden Pond could be performed at Defendant's Theatre. Defendant denies the remaining allegations contained in Paragraph No. 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph No. 6 of the Complaint.

7. In response to Paragraph No. 7 of the Complaint, Defendant responds that the content of the document referenced speaks for itself. Defendant denies that the document referenced had any legal force or effect or was binding on Defendant, and Defendant denies the remaining allegations contained in Paragraph No. 7 of the Complaint.

8. In response to Paragraph No. 8 of the Complaint, Defendant admits that negotiations occurred between representatives of Avid Touring Group and Defendant as to whether the production of On Golden Pond could be performed at Defendant's Theatre. Defendant denies the remaining allegations contained in Paragraph No. 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph No. 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph No. 10 of the Complaint.

11. In response to Paragraph No. 11 of the Complaint, Defendant denies that the document referenced had any legal force or effect or was binding on Defendant, and Defendant denies the remaining allegations contained in Paragraph No. 11 of the Complaint.

12. In response to Paragraph No. 12 of the Complaint, Defendant denies that the document referenced had any legal force or effect or was binding on Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph No. 12; therefore denied.

13. Defendant denies the allegations contained in Paragraph No. 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

17. In response to Paragraph No. 17 of the Complaint, Defendant never entered into the agreement referenced in Paragraph No. 17, and never executed or sent any such agreement to Plaintiff.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19. In response to Paragraph No. 19 of the Complaint, Defendant admits that a survey of Defendant's Theatre was performed by a representative of the On Golden Pond Production. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No, 19; therefore denied.

20. In response to Paragraph No. 20 of the Complaint, Defendant admits it never paid any sum to Plaintiff. Defendant denies that the document referenced had any legal force or effect or was binding on Defendant.

21. In response to Paragraph No. 21 of the Complaint, Defendant admits it was not obligated to pay any sum to Plaintiff or to present On Golden Pond in February 2007, or any time. Defendant denies that the document referenced had any legal force or effect or was binding on Defendant. Defendant denies the remaining allegations contained in Paragraph No. 21 of the Complaint.

## FIRST CAUSE OF ACTION

22. Defendant restates and realleges its responses to Paragraphs 1 through 21 as though fully rewritten herein.

23. Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph No. 25 of the Complaint, denies Defendant committed any unlawful act, and denies that Plaintiff is entitled to any relief sought in the Complaint.

## SECOND CAUSE OF ACTION

26. Defendant restates and realleges its responses to Paragraphs 1 through 25 as though fully rewritten herein.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of the Complaint, and specifically denies that punitive damages may be sought.

With regard to the unnumbered WHEREFORE clause, following Paragraph No. 31, Defendant denies the allegations contained therein, denies Defendant committed any unlawful act, and denies that Plaintiff is entitled to any relief sought in the Complaint.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed for failure to state a cause of action.

**SECOND DEFENSE**

Plaintiff's claim for breach of contract is barred because Plaintiff first breached the contract, if any exists at all, which forms the basis for its claims.

**THIRD DEFENSE**

Conditions precedent to any obligation by Defendant to make any payments never occurred, and therefore, Defendant was never required to make any payment.

**FOURTH DEFENSE**

Defendant was discharged from any alleged contract obligation due to a failure of consideration, including Plaintiff's failure to properly perform services, and/or Plaintiff has no enforceable contract claim due to lack of consideration and/or mutuality.

**FIFTH DEFENSE**

Plaintiff failed to adequately perform services and breached its obligations to Defendant, and the alleged contract is not enforceable by Plaintiff.  Alternatively, Plaintiff is estopped from enforcing any contract by the doctrine of unclean hands.

**SIXTH DEFENSE**

Plaintiff waived and/or is estopped by its acts and inaction, and/or by laches to claim any alleged breaches of any contract by Defendant.

**SEVENTH DEFENSE**

Plaintiff's own actions prevented performance and/or excused any alleged nonperformance by Defendant of any obligation alleged to exist between Plaintiff and Defendant.

**EIGHTH DEFENSE**

There was never a meeting of the minds between Plaintiff and Defendant sufficient to create any contractual obligation between them.

## NINTH DEFENSE

Plaintiff had a duty to prevent, by reasonable efforts, exertion of care, damages resulting from Defendant's alleged breach (its entitlement to the recovery of which is expressly denied) and to the extent that Plaintiff failed to take reasonable action, its claim is barred.

## TENTH DEFENSE

Plaintiff materially misrepresented facts to Defendant, upon which Defendant relied to its detriment.

## ELEVENTH DEFENSE

Any alleged agreement between Plaintiff and Defendant could not have been performed by Defendant, therefore Defendant's performance thereunder is excused.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

## THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has not mitigated his damages.

## FOURTEENTH DEFENSE

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to the claims of Plaintiff based upon such facts and circumstances as become known to Defendant subsequent to the date hereof.

WHEREFORE, Defendant Polk Theatre prays for judgment as follows:

1. That judgment be entered in favor of Polk Theatre and against Plaintiff and that the Complaint be dismissed with prejudice;

2. That Polk Theatre be awarded costs of suit herein;

    3.      That Polk Theatre be awarded reasonable attorneys' fees as may be determined by the Court; and

    4.      For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

### Fraud

Pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13, Defendant (Counter-Plaintiff) Polk Theatre, Inc., through its attorneys, brings the following claim against Plaintiff (Counter-Defendant), and states as follows:

    1.      This is an action for damages against Plaintiff/Counter-Defendant for fraud.

    2.      Pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13, this counterclaim arises out of the same transaction and occurrence as that forming the basis of Plaintiff/Counter-Defendant's claims in the Complaint.

    3.      Between August 2006 and February 2007, persons alleged to be agents of Plaintiff/Counter-Defendant intentionally informed Polk Theatre that the show On Golden Pond ("OGP") could be presented at Polk Theatre without modifications to the stage, backstage area or any other structure within the Theatre.

    4.      Plaintiff/Counter-Defendant's alleged agents knew that the production of OGP could not be presented without such modifications to the stage, backstage area or other structures, at great expense to Polk Theatre, if the show could have been presented at Polk Theatre at all.

    5.      Plaintiff/Counter-Defendants alleged agents knew that such representations were false and were designed to induce Polk Theatre to rely on such representations to its detriment.

6. Relying on Plaintiff/Counter-Defendant's false representations, Polk Theatre sustained a detriment in the form of lost revenue, lost goodwill with its customers, lost subscriptions from its arts series' customers, costs and other damages.

WHEREFORE, Defendant/Counter-Plaintiff Polk Theatre prays for judgment as follows:

1. That judgment be entered in favor of Polk Theatre and against Plaintiff/Counter-Defendant and that the Complaint be dismissed with prejudice;

2. That Polk Theatre be awarded damages for lost revenue, compensatory damages and interest;

3. That Polk Theatre be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York

**[signatures appear on next page]**

July 19, 2007                                        Respectfully submitted,


                                          FORD & HARRISON LLP


                                        By:/s/ Elana Gilaad
                                            Elana Gilaad
                                            New York Bar No.
                                            egilaad@fordharrison.com

                                            For the firm

                                            100 Park Avenue, Suite 2500
                                            New York, New York  10017
                                            (212) 453-5959
                                            (212) 453-5959 (facsimile)

                                            William Edward Grob
                                            Florida Bar No. 0463124
                                            wgrob@fordharrison.com

                                            101 E. Kennedy Boulevard, Suite 900
                                            Tampa, FL  33602-5133
                                            Telephone No.  (813) 261-7800
                                            Facsimile No. (813) 261-7899

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by facsimile and U.S. First Class Mail upon:

Leslie H. Ben-Zvi, Esquire
1790 Broadway – 10th Floor
New York, NY 10019

on this 19th day of July, 2007.

/s/ Elana Gilaad
Attorney

TAMPA:231434.1